# Richmond

ORLANDO JOHNSON v. COMMONWEALTH OF VIRGINIA.

June 16, 1969.

Record No. 7003.

Present, All the Justices.

*James Goodson, III*, for plaintiff in error.

*William M. Phillips, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

EGGLESTON, C.J., delivered the opinion of the court.

Orlando Johnson appeals from a judgment based upon the verdict of a jury finding him guilty of statutory burglary. Code § 18.1-88 [Repl. Vol. 1960]. He does not challenge the sufficiency of the evidence to sustain the conviction, but argues for a reversal because the trial court refused to grant certain instructions offered by him on the subject of alibi.

The Commonwealth's evidence showed that the Industrial Drive-In, a restaurant in the city of Danville, was broken into on the night of

March 16 or the early morning of March 17, 1967. The owner testified that he closed the restaurant about 10:00 P.M. on March 16, locked it, and left the furniture and contents in good order. An employee testified that when he opened the restaurant the following morning, about 7:00 o'clock, he found that entry had been made through a window which had been broken, that certain vending machines had been damaged and their contents taken. A fingerprint of the defendant was found on one of the vending machines in the restaurant. The evidence further showed that the defendant was not employed at the restaurant, had not serviced or worked on the vending machines, and had never been seen there.

The defendant did not testify. The only evidence on his behalf was the testimony of his mother, Mattie Johnson, and an acquaintance, Paul Carter, Jr., the purpose of which was to establish an alibi for the defendant. The defendant's mother testified that he was at her home on the night of March 16, 1967, from 8:45 until about 11:00 o'clock when he left, saying that he was going to visit the home of Paul Noonie, a friend. Carter testified that the defendant came to his home on Grace Street, in the city of Danville, about 11:30 P.M. on March 16 and remained there until about 5:45 the next morning when he left in a cab which Carter had called for him. Carter further testified that his house was about three blocks from the restaurant.

Without objection, the trial court gave the usual instructions which told the jury that the burden was on the Commonwealth to prove the guilt of the defendant beyond a reasonable doubt, that they were the sole judges of the credibility of the witnesses, that the defendant was presumed to be innocent of the charge against him, that his failure to testify created no presumption against him and was not a circumstance which they could consider in determining his guilt or innocence.

The only assignment of error is to the action of the trial court in refusing to grant these instructions offered by the defendant:

"*Instruction D.* The court instructs the jury that the evidence introduced by the defendant that he was not at the scene of the alleged crime need not be such as to establish this as a fact in order to entitle him to an acquittal; but if it is such as to create and leave in the mind of the jury a reasonable doubt of his presence there, then you shall find the defendant not guilty."

"*Instruction E.* The court instructs the jury that where the Com-

monwealth has established a *prima facie* case and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt nor by a preponderance of the evidence but by such evidence and to such a degree of certainty as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the defendant."

The trial court refused to grant these instructions because, it said, "the attempted alibi does not extend over the entire period of the night or early morning in which the testimony shows that the crime was committed." We have not previously had the occasion to consider whether that is a proper reason for refusing to grant an instruction on alibi.

As is said in 23 C. J. S. Criminal Law, § 923, p. 656:

" * * * [A]n alibi is a defense designed to prove that the person accused was elsewhere than at the scene of the crime at the time it was committed and so could not have participated in it. The reasonable doubt as to guilt arising out of the evidence of a defense of alibi must come from the fact that the evidence tends to show the impossibility, or the improbability, of the presence of accused at the time of the commission of the crime.

"The evidence of alibi must be addressed to the exact time when the offense was committed, and it must show, not merely the improbability of accused's presence at that time, but the impossibility thereof. If the evidence as to alibi, although taken to be true, does not cover sufficient of the time at or before the crime to render the presence of accused impossible or highly improbable, then it proves nothing, and is of no avail to him on that part of his defense, although it still remains in the case for all other purposes."

In 21 Am. Jur. 2d, Criminal Law § 136, p. 205, it is said: " * * * To be successful, his [the accused's] alibi must cover the entire time when his presence was required for accomplishment of the crime."

The authorities are not in accord as to whether an accused is entitled to an instruction on alibi where the evidence fails to show his absence from the scene for the entire period during which the crime was or could have been committed. See 23A C. J. S., Criminal Law § 1203, p. 524 *ff.* Some courts take the view that such an instruction should be given where the evidence tends to establish such defense.

*State* v. *Friend*, 100 W. Va. 180, 130 S. E. 102, 106 (1925). Other courts hold that where the evidence of alibi fails to show that the accused was not at the scene of the crime at the exact time it was committed, or for the entire period when it was or could have been committed, an instruction on alibi is not necessary.

In *People* v. *Wynekoop*, 359 Ill. 124, 194 N. E. 276 (1935), the Illinois court declined to adopt the view of the West Virginia court. On the contrary, it reasoned, since the whole purpose and force of an alibi is to show that the accused could not have committed the crime or that it was highly improbable that he could have done so for the reason that he was somewhere else at the time, if the evidence as to alibi, although taken as true, does not cover the whole period, then it proves nothing and does not require the giving of an instruction on alibi. 194 N. E. at 280, 281. The reasoning and principles of this case have been adhered to by that court in a number of later cases. Among these is *People* v. *Ashley*, 18 Ill. 2d 272, 164 N. E. 2d 70, 74, 75 (1960).

In *State* v. *Green*, 268 N. C. 690, 151 S. E. 2d 606 (1966), the defendant was charged with an assault on a woman with a knife. The evidence showed that the offense occurred at the home of the victim but did not fix the exact time other than that it was "during the day-time" on a specified date. Asserting the defense of alibi, the defendant testified that he was not at the home of the victim during a part of the day on which the assault was alleged to have occurred. In affirming the ruling of the trial court in refusing an instruction on alibi, the appellate court held that since the testimony of the defendant was not sufficient to establish his presence elsewhere at the time the crime was committed, the instruction was properly refused. 151 S. E. 2d 608, 609.

The principle in *Green* was reaffirmed in *State* v. *McLawhorn*, 270 N. C. 622, 155 S. E. 2d 198, 204 (1967), where it was said: "To entitle a defendant to a charge on alibi there must be evidence that at the time the crime was committed he was at a particular place which would make it *impossible for him* to have committed the crime." [Emphasis by the court.] The opinion pointed out that not only was the evidence of alibi lacking in this requirement, but that it showed that the defendant was in the "immediate area" at the time the crime was committed.

See also, *Giles* v. *State*, 70 Okl. Cr. 72, 104 P. 2d 975, 977 (1940); *Jones* v. *State* (Fla. App.), 128 So. 2d 754, 755 (1961); *People* v.

*Lucas*, 16 Cal. 2d 178, 105 P. 2d 102, 103, 130 A. L. R. 1485 (1940). Cf. *Henry* v. *State*, 51 Neb. 149, 70 N. W. 924, 926, 66 Am. St. Rep. 450 (1897), to the effect that proof of alibi need not cover the entire period within which the offense might have been committed.

We agree with the view that in order to require the giving of an instruction on alibi there must be evidence that the accused was elsewhere than at the scene of the crime at the exact time or for the entire period during which it was or could have been committed.

In the present case, taking as true the evidence on behalf of the defendant, it showed that he was at his mother's home from 8:45 to 11:00 P.M. on March 16, 1967, and at the home of Carter from 11:30 that night until about 5:45 the next morning. It does not account for his presence between the time he left his mother's home and the time he reached the Carter home, nor for the period between the time he left the latter home until the break in was discovered at about 7:00 A.M. Moreover, the testimony of Carter placed the defendant within a short distance of the restaurant, the scene of the crime, for a part of the time during which the evidence showed the crime had been committed. See *Fogg* v. *Commonwealth*, 208 Va. 541, 545, 159 S. E. 2d 616, 620 (1968).

We hold that the evidence offered in support of the defendant's claim of alibi is so lacking in the required proof of his absence from the scene at the time of the commission of the crime that the trial court properly refused to grant the requested instructions. The other instructions granted by the court adequately presented to the jury the issues upon which they should determine his guilt or innocence. See *State* v. *Green, supra*, 151 S. E. 2d at 608.

The judgment is

*Affirmed.*