## Richmond

ELMER D. ABBOTT v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

January 18, 1971.

Record No. 7176.

Present, All the Justices.

*Daniel S. Brown* (*Hazelgrove, Carr, Dickinson, Smith & Rea*, on
brief), for plaintiff in error.

*Anthony F. Troy, Assistant Attorney General (Robert Y. Button, Attorney General, on brief), for defendant in error.*

I'Anson, J., delivered the opinion of the court.

Petitioner, Elmer D. Abbott, filed a petition on October 18, 1967, for a writ of *habeas corpus ad subjiciendum* in the Hustings Court of the City of Roanoke against the respondent, C. C. Peyton, Superintendent of the Virginia State Penitentiary, attacking the judgment imposed on him by the court below on July 13, 1964, wherein he was found guilty of malicious wounding with intent, etc., and sentenced to the State penitentiary for a term of ten years. Following a plenary hearing the petition was denied and dismissed, and petitioner was remanded to the custody of the respondent.

Petitioner contends that he was denied effective assistance of counsel at the time of his 1964 trial and conviction in that his court-appointed counsel failed (a) to adequately investigate his case, (b) to request the court to examine the jury on *voir dire*, and (c) to appeal his conviction after having been requested to do so.

The record in the 1964 trial shows that Ira W. Bryant was shot in the stomach and arm by a passenger in an automobile which had driven up to his service station on March 7, 1964, at approximately 12:55 a.m. The shots were fired from a distance of four or five feet while Bryant was standing in the doorway of the station's office. Bryant identified petitioner as his assailant in a line-up and in court at the time of the trial. Three other witnesses, who were in the car with petitioner, identified him as the one who fired the shots.

Petitioner testified that his court-appointed counsel, Arthur B. Crush, Jr., visited him in jail about a month before his trial and talked to him about his case for approximately ten minutes. Crush did not summons the four witnesses he had requested. Two of the witnesses, petitioner's brother and sister-in-law, would have testified that petitioner called them over the telephone from his hotel at midnight, one hour before the crime was committed. The other two were character witnesses.

Petitioner further said that after his conviction he asked Mr. Crush if he could take an appeal, and Crush replied that "there was nothing to appeal on" and that he had done his best for him. He acknowledged that his counsel had conducted a vigorous cross-examination of the Commonwealth's witnesses. He did not become dissatisfied

with counsel's services until after he had been in the penitentiary for over a year.

The record shows that Mr. Crush is an experienced trial lawyer, having served as an assistant Commonwealth's attorney for the City of Roanoke and as attorney for the Commonwealth in an adjoining county. He first talked with petitioner in the jail for "quite a while" approximately a month before the trial, and he believed that he again visited him before the case was tried. On his first visit Crush advised the petitioner of his rights and discussed in detail the charge against him. At that time petitioner told Crush he was not guilty and he wanted to appeal his case. Crush explained to him the procedure they would have to follow to appeal; that there would have to be some alleged error before this court would grant a review; and that they would have to await the outcome of his trial. After the trial petitioner never mentioned an appeal, nor could it be inferred from his actions or conduct that he desired to appeal.

In preparing for petitioner's trial, counsel interviewed the police officers and the attorney for the Commonwealth. He was aware of the testimony that would be introduced by the prosecuting witness and the three occupants of the car from which the shots were fired. He was able to locate, and called as witnesses, two persons whose names had not been mentioned to him by the petitioner. He did not call petitioner's brother and sister-in-law to establish an alibi because their evidence would not have been relevant.

One is deprived of effective assistance of counsel only in those extreme cases where representation is so transparently inadequate as to make a farce of the trial. *Ford* v. *Peyton*, 209 Va. 203, 205, 163 S.E.2d 314, 316 (1968).

The factual findings of the trial judge in a *habeas corpus* hearing are presumed to be correct and will be upheld by us unless plainly wrong or unsupported by credible evidence. *Nolan* v. *Peyton*, 208 Va. 109, 112, 155 S.E.2d 318, 321 (1967); *Meekins* v. *Peyton*, 208 Va. 114, 119, 155 S.E.2d 52, 56 (1967).

There is abundant evidence in this record to support the trial court's rejection of petitioner's claim that counsel did not make a proper investigation of his case. Counsel's failure to call the four witnesses requested by petitioner does not show ineffective representation of counsel. Because of petitioner's criminal record, character witnesses would have opened the door for the production of evidence that would have been detrimental to his case. Unless evidence as to alibi covering the time at or before the crime is sufficient to

render the presence of an accused impossible or highly improbable, it proves nothing. See *Johnson v. Commonwealth*, 210 Va. 16, 18-20, 168 S.E.2d 97, 98-100 (1969). Hence the alibi that petitioner claims his brother and sister-in-law would have established by their testimony would have been of no value to him because of its remoteness.

Petitioner next says that his counsel was ineffective because he did not request the court to examine the jurors on *voir dire*.[1]

■ The court's order of conviction recites that the court did examine the jurors on *voir dire*. The order is a verity. Moreover, there is evidence in the record from which it may be concluded that the jurors were examined on *voir dire*.

■ Lastly, petitioner says he was denied effective assistance of counsel because counsel did not appeal his conviction after having been requested to do so.

The trial court found, on conflicting evidence, that counsel advised petitioner before his trial of his right to appeal if he so wished after he had been tried; and that petitioner did not indicate to counsel, the trial judge or the clerk of the court, in any manner or by any means, that he desired to exercise his known right to appeal after his trial. Petitioner admitted that he did not become dissatisfied with his trial until after he had been confined in the penitentiary for more than a year. The findings of the trial court are supported by the evidence.

*Russell* v. *Peyton*, 207 Va. 469, 150 S.E.2d 530 (1966), and the recent case of *Nelson* v. *Peyton*, 415 F.2d 1154 (4th Cir. 1969), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.ed. 2d 420 (1970), relied upon by the petitioner, are distinguishable on their facts from the present case.

For the reasons stated, the judgment is

*Affirmed.*

---

1. § 8-199, Code of 1950, before it was amended in 1966, provided in part that: "The court shall, on motion of either party in any suit, or may, of its own accord, examine on oath any person who is called as a juror therein to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein * * *."