**John Richard WARE**

v.

**J. D. COX, Superintendent of the Virginia State Penitentiary.**

**Civ. A. No. 6056–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

March 10, 1971.

---

Patrick M. McSweeney, Richmond, Va., for petitioner.

William Robinson, Asst. Atty. Gen. of Virginia, Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

John Richard Ware was convicted in the Circuit Court of King William County on June 7, 1954, of the crime of robbery. The plea was guilty and the sentence, life. Now he seeks his release by habeas corpus. Ware contends herein that he was ineffectively represented at trial by his appointed attorney and that he was denied a preliminary hearing. Both of these contentions, he asserts, were presented in state collateral proceedings in order to satisfy the exhaustion rule.

The petitioner's co-defendant was Walter Franklin Ware, his brother, and the two had a joint state habeas corpus hearing as well. The respondent has furnished the Court with records of the state criminal trial and habeas corpus case. From these it appears that the claim of denial of adequate counsel was presented in the state court pleadings, litigated at the hearing, and urged on appeal. As to this claim the exhaustion requirement has been satisfied.

The claim of denial of a preliminary hearing, however, does not seem to have been presented throughout the state proceedings. This Court may dispose of it, however, for it lacks merit. In the ordinary adult criminal trial the omission of a preliminary hearing has not been held to be constitutional error, Kelley v. Coiner, No. 14,915, mem. decis. (4th Cir., Feb. 2, 1971). In any event, the petitioner has failed to allege any prejudice flowing from the failure to afford him a preliminary hearing.

The two brothers, it was stipulated during the state habeas proceedings,

were indicted and tried on June 7, 1954. The order appointing counsel bears the same date, and the same lawyer represented the co-defendants.

The offense took place on May 7, 1954, a month before trial. The petitioner and his brother allegedly assaulted and robbed a Mrs. Hill at her home; the indictment alleges, in addition to the robbery, two counts of assault with intent to kill upon Mr. and Mrs. Hill, and charges the crime of appearing masked on Mrs. Hill's property. The petitioner was convicted of robbery; the disposition of the other charges is not apparent.

This Court conducted a plenary federal hearing because certain questions going to the core of the effective representation issue had been left unresolved by the state habeas court.

Trial counsel testified at the state collateral proceedings that he and his brother, his law partner, visited the Wares at the Saluda jail the week prior to June 7, 1954, and spoke with them for at least an hour (Tr. 33). He advised them of the nature of the charge, he said, and of their right to a jury trial and told them that he would do his best to prepare the case for trial (Tr. 34). The Wares informed him, according to their lawyer, that they could not account for or recall their behavior at the time of the offense because they had been drunk, but they stated that if they were charged they must be guilty. The lawyer's questions failed to turn up possible defense witnesses. Both co-defendants said they wished to plead guilty and seek the court's mercy, according to their lawyer.

Subsequently to this interview, the attorney testified, he investigated the prosecutor's case. He spoke with Sheriff Dunn, the Clerk of the Court, an unnamed trooper, and the Commonwealth's Attorney. The results of these inquiries did not emerge in the state habeas hearing.

The next conference with his clients, the Wares' lawyer stated, may have been on the day before trial; he could not be sure. He was certain that he spoke with his clients on the morning before trial. As before, he testified, he said that he was prepared to postpone the trial in order to make further investigations and willing to present the case to a jury; they again said that they wished to plead guilty "and get it over with" (Tr. 36). Contrary to the testimony of the petitioner and his brother, their counsel testified that these talks took place in private, although the co-defendants were both present.

On cross examination, the court-appointed lawyer stated that he had never visited the scene of the robbery and did not speak with the police officials he interviewed until the morning of the trial (Tr. 39). Although on trial it appeared that the victims could not identify the Ware brothers to be their assailants, who had been masked, defense counsel said that he had made substantially no investigation of the facts beyond his talks with peace officers on the day of trial. His clients, he said, simply gave him no suggestions (Tr. 40–41), but he did admit that he never tried to speak with either victim in order to determine the strength of their testimony (Tr. 43).

Based primarily on this testimony, the state habeas corpus court concluded that the petitioner's representation had been effective. He found as a fact that Ware's attorney spoke with both defendants about a week prior to trial and on the day of trial and made inquiries of the peace officers, that neither defendant could offer any defensive matter, and that both consistently expressed the desire to plead guilty (Tr. 45).

The state court placed the burden of proof on the petitioners (Tr. 46), and ruled that in order to establish a constitutional violation some showing of prejudice must be made (Tr. 47).

■ A federal court sitting in habeas corpus may presume factual findings made in state collateral proceedings to be correct if in general the federal petitioner received a full and fair state

hearing where the factual points were actually resolved, the factfindings were expressly made or clearly inferable, and are adequately supported by the record. 28 U.S.C. § 2254(d), Heisler v. Cox, 431 F.2d 581 (4th Cir. 1970).

The testimony of both the petitioner and his brother conflicted in some key points with that of their trial counsel. Walter Franklin Ware said that he first saw his lawyer on the day of trial, that they had only a short talk in the presence of the Commonwealth's Attorney and others, and that he pleaded guilty on the advice of counsel, and that there did exist witnesses whom he wanted summoned (Tr. 16–18). He said that he denied his guilt to his lawyer and had not explained the facts fully to counsel prior to trial because he thought he was only coming in for a preliminary hearing that day (Tr. 21). John Richard Ware, the petitioner herein, likewise said that he told his attorney that he was innocent and that he pleaded guilty only on advice of counsel (Tr. 28). He said, too, that he never had a conference with his attorney before the day of trial and even then not in private. Despite these conflicts, it is clear that the state court's factfindings, to the extent that any were made, were adequately based, predicated as they clearly were upon the testimony of the lawyer.

■ ■ The rule in this Circuit is that when an attorney has been appointed a day or less prior to trial, it shall be presumed that inadequate time was afforded for him to prepare a constitutionally adequate defense. Stokes v. Peyton, 437 F.2d 131 (4th Cir. 1970); Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967). The burden of showing a lack of prejudice then falls on the respondent. This is not, however, such a case. The state court found, and this Court so finds as well, that the Wares' trial lawyer was informed of his duty about a week prior to trial. The trial court's order of appointment bears the trial date, but that order merely ratified a prior informal act which took place several days earlier. Because the sequence of events does not of itself make out a *prima facie* case of inadequacy on account of late appointment, the burden is upon the petitioner to show that he was so prejudiced by particular defaults of counsel that his guilty plea was not knowingly and intelligently entered.

■ From the state habeas corpus transcript it seems that the factual investigation undertaken by appointed counsel was abbreviated at best. The state habeas court made no findings on this point, save that the lawyer had spoken with police officers, which conversation the witness said took place the morning of trial. The lawyer, however, appeared for the respondent, and his testimony is clear that he made no investigation in the vicinity of the crime nor in those areas where the defendants placed themselves near the time of the offense. This was a capital charge, it must be recalled, and the Wares disclaimed all recollection of any involvement in the crime. Their expressions of a desire to plead guilty might have been confessions by indirection, but they might have been otherwise motivated. Whatever position the defendants took, it was their lawyer's duty to render them detached, informed advice based on his estimates of the state's case and their own; a client's professed desire to plead guilty does not end a lawyer's job. Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967); Martin v. Commonwealth, 365 F.2d 549 (4th Cir. 1966).

Moreover, our Court of Appeals has stated that when it appears that an inadequate investigation has been made, the burden falls upon the state to show that no prejudice befell the petitioner as a result. Coles v. Peyton, 389 F.2d 224, 226 (4th Cir.) cert. den. 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968). Here it specifically appears that the victims, trial counsel recalled, could not identify the defendants; this one fact came to light only on trial. The substance of the remainder of the prosecution's case, which may well have been strong, is not in the record. Although it can be said that the petitioner failed utterly to assist

his attorney in developing lines of defense, neither did counsel undertake an enthusiastic inquiry. At all times counsel professed himself willing to investigate further for possible defenses, but allowed his clients to decide whether the trial should be postponed for such purposes. Lack of prejudice has not been shown.

In addition, trial counsel apparently never spoke to his clients individually. It is true that no actual conflict of interest appeared, compare Holland v. Boles, 225 F.Supp. 863 (N.D.W.Va. 1963), but a fuller, individual inquiry might have revealed differences in the extent of the two brothers' responsibility for the crimes.

■ ■ This Court does not base its decision, however, on factfindings made in the state habeas proceedings. The conviction of Ware must fall for a much simpler reason than the inadequacy of counsel's investigation. A prerequisite to a valid guilty plea is that it be a voluntary waiver of the right of the defendant not to incriminate himself. Such a waiver cannot be voluntary if made by a man unaware of the nature of the charges he faces and the direct consequences of a plea of guilty. In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court restated this constitutional standard:

"'[A] plea of guilty entered by one *fully aware of the direct consequences,* including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats * * *, misrepresentation * * *, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business * * *.' 242 F.2d [101], at page 115." [Shelton v. United States, 5 Cir., 246 F.2d 571, 572 n. 1] *Id.*, 755, 90 S.Ct. 1472 (Emphasis supplied). See also, Brown v. Peyton,

435 F.2d 1352 (4th Cir., 1970); Smith v. Cox, 435 F.2d 453 (4th Cir., 1970). In Smith v. Cox, *supra,* the Fourth Circuit reiterated the rule:

"Even before Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], it was constitutionally required that guilty pleas be entered with a knowledge of their consequences, see Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 120, 76 S.Ct. 223, 100 L.Ed. 126 (1956), and in this circuit the burden of proof of knowledge and understanding was on the state. Bailey v. MacDougall, 392 F.2d 155, 159 (4th Cir.), cert. den., 393 U.S. 847, 89 S.Ct. 133, 21 L.Ed.2d 118 (1968)." *Id.*, at 458.

Here the respondent made no effort to establish the knowing, and therefore voluntary, nature of Ware's plea. Trial counsel was not called to testify. The petitioner testified in his own behalf, however, that his lawyer had failed to advise him of the range of punishment available in the event of a finding of guilt. If he had known he faced capital charges, Ware said, he would never have entered a guilty plea. There is no evidence of any plea bargain having been made, which might have established the sentence Ware could expect. The Court finds, on this evidence, that the petitioner's trial counsel did not advise him of the consequences of his plea and that this failure was not harmless error because the knowledge did not reach him by some other means. The guilty plea is therefore void.

For the record the Court notes that it rejects the petitioner's testimony concerning threats by his brother which, he claims, induced his plea. Even so, of course, the plea is involuntary because it was entered without an awareness of its consequences.

The writ will issue, with leave to the state to retry the petitioner within a reasonable time.