Elmer Dorris **ABBOTT**, Petitioner,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 71–C–62–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

July 22, 1971.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by Elmer Dorris Abbott, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is currently serving a ten year sentence pursuant to a judgment of the Hustings Court of the City of Roanoke imposed on July 13, 1964 for malicious wounding with intent to maim, disfigure or kill.

Petitioner was represented by court-appointed counsel at his trial, where he entered a plea of not guilty and was tried and convicted by a jury. From this conviction the petitioner did not appeal. Petitioner has sought state habeas corpus relief and was given a plenary hearing in the Hustings Court of the City of Roanoke on May 2, 1968, at which time the petitioner's writ of habeas corpus was denied and dismissed. The judgment of the Hustings Court was affirmed on appeal by the Virginia Supreme Court of Appeals on January 18, 1971. See Abbott v. Peyton, 211 Va. 484, 178 S.E.2d 521 (1971).

In the present federal habeas corpus proceeding, the petitioner alleges three instances of error committed by the state courts in which his constitutional rights have been violated.

Petitioner's first and primary allegation of error is that he was denied effective assistance of counsel guaranteed him by the United States Constitution and the Virginia Bill of Rights at the time of his trial and conviction for malicious wounding. In regard to this allegation, petitioner specifically alleges: (1) that his court-appointed counsel failed to investigate the case on behalf of his client and to prepare adequately for trial, (2) that counsel failed to protect his client from prejudice by omitting to have the court examine the jury panel on *voir dire*, and (3) that his court-appointed counsel failed to appeal on behalf of his client.

Petitioner's second allegation of error is that he was never served with a warrant for his arrest for the crime with which he was charged and convicted.

Petitioner's final allegation of error is that he was denied a preliminary hearing.

The petitioner alleges that he was denied his constitutional right to effective counsel with respect to the pre-trial investigation made by his court-appointed counsel. Specifically, the petitioner contends that his attorney failed to summons and question four individuals, the names of who were allegedly given by the petitioner to his attorney at their initial meeting. Two of these individuals, the petitioner's brother and sister-in-law, would have, according to the petitioner, testified that the petitioner had called them from his hotel about midnight on the night of the shooting. The other two individuals whose names were allegedly related to the attorney would have testified as character witnesses for the petitioner. In the state habeas corpus hearing the attorney testified that he was never informed of the names of these witnesses, but that he did recall that the petitioner had mentioned something about having made a phone call from his hotel to his brother about midnight. Furthermore, the attorney admitted that he had not made an effort to find out the brother's name and had not questioned him concerning the call because he felt that such evidence would have been irrelevant since the time of the shooting incident had been at 12:55 a. m. that night. As to the two alleged character witnesses, the attorney testified that the petitioner had not mentioned to him the names of these individuals.

The petitioner also alleges with regard to his inadequate representation that the attorney failed to question prosecution witnesses before the trial and also failed to consult with another attorney who had originally been retained for the petitioner by his stepfather but who had withdrawn from the case. Petitioner alleges that his attorney should have so consulted the previously retained attorney to determine whether or not he had any information on the petitioner's case. The court-appointed counsel admitted in the plenary hearing that he had not questioned the prosecution's witnesses, but stated that he had discussed the case with the Commonwealth Attorney and had questioned the police on several occasions, and that he knew what the testimony of the prosecution witnesses would be. The attorney admitted that he had not consulted the petitioner's previous attorney.

In the case of Coles v. Peyton, 389 F. 2d 224 (4th Cir.) cert. denied 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968), the Court of Appeals of this circuit set forth the standards to be used in measuring the adequacy of representation. In that case the court stated;

> Counsel for an indigent defendant should be appointed promptly. Counsel should be afforded a reasonable opportunity to prepare to defend an accused. Counsel must confer with his client without undue delay and as often as necessary, to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial. An omission or failure to abide by these requirements constitutes a denial of effective representation of counsel unless the state on which is cast the burden of proof once a violation of these precepts is shown, can establish lack of prejudice thereby. Coles v. Peyton, supra, at 226.

It is the opinion of this court that in the case at bar none of the above standards were violated and therefore that the burden of proof remains on the petitioner to show that his rights have been prejudiced.

■ The record reveals that the petitioner's attorney was appointed on June

8, 1964, the same day on which the petitioner's retained counsel withdrew from the case, and the attorney testified that he conferred with his client shortly thereafter. Therefore there were thirty-five days between the date of the appointment and the date of the trial on July 13, 1964. In light of these facts, it cannot be said that the petitioner has made a prima facie case of inadequate representation as to the time elements involved. See Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967); Braxton v. Peyton, 365 F.2d 563 (4th Cir.) cert. denied 385 U.S. 939, 87 S.Ct. 306, 17 L. Ed.2d 218 (1966); Ware v. Cox, 324 F. Supp. 568 (E.D.Va.1971).

■ As to the investigation conducted by the court-appointed counsel, this court fails to find any omission by the attorney which renders his representation constitutionally inadequate. Specifically, the record reveals that the only witness of which the attorney had any knowledge was the petitioner's brother; however, the petitioner's own testimony shows that he called his brother around midnight which left almost an hour of unexplained time before the crime was committed. Therefore, this court is of the opinion that such testimony would have been irrelevant for purposes of establishing an alibi and that the petitioner was not prejudiced by the attorney's failure to question the petitioner's brother about the phone call. As to the petitioner's sister-in-law, who would have allegedly been called for the same reason, the attorney testified that the petitioner did not mention her to him in their conference; therefore, the attorney could not be expected to call and question witnesses of which he had no knowledge. Even if the attorney had known of her, her testimony would have likewise been irrelevant since it would have been of the same nature as that of her husband. While this court feels that the attorney's investigation was not inadequate as to the above alleged witnesses, it feels that even if the failure to question these individuals does fall below the investigation

standard set forth in *Coles*, that the petitioner's own testimony shows that such evidence would have been irrelevant and insufficient for the purpose of establishing an alibi defense, and therefore the petitioner was not prejudiced thereby.

In Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967), the Court of Appeals held that when counsel is appointed one day before the trial and when the accused gives the attorney the name of a witness who would testify in support of petitioner's alibi, but because of the short period of time before trial, the attorney is unable to locate the witness, then there is a prima facie case of ineffective assistance of counsel, and the burden of proof shifts to the state to show lack of prejudice. Furthermore, the court held that in such situations the burden is on the state to produce the witness in the state habeas corpus proceeding in order to show lack of prejudice. It is the opinion of this court that *Twiford* is readily distinguished from the case at bar in that here the attorney was appointed thirty-five days before the trial, and unlike the attorney in *Twiford*, it is disputed whether or not the petitioner's counsel in the case at bar was even informed of the names of the witnesses, and even if he was so informed, the petitioner's own testimony shows that the testimony of these witnesses would have been irrelevant.

■ As to the two character witnesses, the record shows that the attorney was unaware of these individuals at the time of trial. However, if the attorney did know the identity of these witnesses, it would not have been prejudicial for him to fail to question them. This court concurs with the opinion of the Virginia Supreme Court of Appeals in regard to the alleged character witnesses which petitioner argues should have been investigated. In light of the petitioner's prior criminal record, character witnesses would have been detrimental to the petitioner's case, since the introduction of such evidence would have allowed the prosecution to attack the character of

the petitioner. See Abbott v. Peyton, 211 Va. 484, 486, 178 S.E.2d 521, 523 (1971).

Since the attorney had discussed the case with the Commonwealth Attorney and had questioned the police concerning the petitioner's case and knew what the testimony of the prosecution witnesses would be, it is the feeling of this court that it was not necessary that he examine each witness individually as is suggested by the petitioner. Likewise, this court does not find that the petitioner has shown any prejudice as a result of his appointed counsel's failure to consult with the petitioner's previously retained attorney who had withdrawn. Specifically, the petitioner has not stated any reason that would have necessitated a conference with the other attorney. Furthermore, it should be added that the petitioner's attorney did discover, investigate and call at the trial two other witnesses who testified for the petitioner, and the transcripts of the trial and of the state habeas corpus hearing show that the attorney conducted a vigorous cross-examination of the victim and other witnesses and that the petitioner was satisfied in this respect. Finally, petitioner's claim that his court-appointed counsel conferred with him only once for a period of ten minutes is not supported by the evidence.

Petitioner's claim that his attorney failed to have the court examine the jury on voir dire is without merit. Petitioner asserts that there was publicity in the local newspapers and on local television concerning his case which could have affected his right to a fair and impartial trial. However, examination of the records in this case and of the newspaper accounts of the incident in which the petitioner was involved reveals that the publicity surrounding his case was normal, responsible press coverage and was in no way inflammatory or prejudicial to the petitioner. Furthermore, this court finds as the Virginia Supreme Court of Appeals found, that the order of judgment entered by the trial judge stating that the jury was examined on voir dire is supported by sufficient evidence in the record.

Petitioner's last specific claim under his allegation of ineffective assistance of counsel is that his attorney failed to appeal when requested to do so. This claim is without merit. This is not a case in which the petitioner did not know of his right to appeal, for the testimony of his trial attorney at the state habeas corpus hearing reveals that the petitioner had questioned the attorney about an appeal even before his case had been tried, and counsel had adequately explained the appellate procedure to the petitioner. Furthermore, the trial counsel testified that the petitioner said nothing of his desire to appeal after his conviction. Therefore, it is the opinion of this court, that the petitioner's claim that he did not learn of his right to appeal until one year after his conviction is without merit; in fact, it appears that he did have notice and his inaction constituted a waiver of that right.

As to the petitioner's claim that he was not served with an arrest warrant and that he did not receive a preliminary hearing, it appears that he has not exhausted his state remedies since he did not raise these points in his appeal to the Virginia Supreme Court of Appeals. 28 U.S.C. § 2254.

For the reasons given above the petition for a writ of habeas corpus is dismissed and relief denied.

If the petitioner desires to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to do so within 30 days may result in a denial of the right to appeal. The notice of appeal shall state the following:

1. the judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.