**Robert Lee WORD, Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71-C-62-D.**

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 3, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241, Robert Lee Word petitions this court for a writ of habeas corpus to terminate his confinement in the Virginia State Penitentiary. Leave to proceed *in forma pauperis* has been granted. Petitioner is detained pursuant to a judgment of the Circuit Court of Pittsylvania County imposed on March 21, 1970, wherein petitioner was convicted of robbery and sentenced to a term of 25 years in the penitentiary. At trial, Word, represented by court-appointed counsel, entered a plea of guilty and was tried by the court without a jury. The conviction and sentence were affirmed on appeal to the Virginia Supreme Court of Appeals. Word later filed a petition for a writ of habeas corpus in the Virginia Supreme Court of Appeals, in which he presented the same claims that are the subject matter of the instant petition; that petition was denied and dismissed by order dated September 1, 1971. Having presented his claims to the state's highest court, however, petitioner has exhausted his available state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Although the allegations in the petition are somewhat repetitive, it appears that several constitutional errors are alleged, to wit: 1) the plea of guilty was involuntary; 2) petitioner was denied effective assistance of counsel; 3) his identification by the victim as the perpetrator of the crime was insufficient. Since the state records now before the court provide an adequate basis for decision, it is unnecessary to conduct a hearing to further develop petitioner's claims. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Petitioner claims that the plea of guilty was triggered by a prior confession, subsequently used at trial, which was illegally obtained by the police through prolonged investigation after failure to advise petitioner of his constitutional rights and in the absence of counsel. The facts underlying this claim were fully developed at trial upon counsel's motion to suppress the confession. It appears that a few days after the commission of the robbery on January 18, 1970, petitioner went to Alexandria, Virginia, and then to Wilmington, Dela-

ware. Meanwhile, an arrest warrant for petitioner was issued on January 23rd, based upon the victim's description and identification, but the police made no direct contact with petitioner. Through various personal contacts however, petitioner became aware of the warrant, and he returned to Altavista by train on January 31st. At 12:30 a.m. that morning he was met at the station by Deputy Sheriff W. I. Dawson, who informed petitioner of the robbery charge, presented the warrant, and advised him of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Shortly thereafter at the Chatham police station, petitioner, after again being advised of his constitutional rights, signed the form waiving his rights to remain silent and to the presence of an attorney, and consented thereby to answer the questions propounded by Sheriff Dawson. The record also demonstrates that petitioner was advised of his rights a third time by a Justice of the Peace at 2:00 a.m. the same morning. At 2:55 p.m. that afternoon, petitioner was interrogated by Mr. Dawson, and then at 3:20 p.m. signed the statement admitting that he committed the robbery as charged.

 Upon these facts, it is clear that the confession was not obtained illegally, that the police officer's conduct towards petitioner was at all times proper, and that it was not error for the trial court to permit the introduction of the confession. In any case, the Supreme Court has held that an otherwise valid guilty plea entered by a defendant represented by counsel may not be collaterally attacked by habeas corpus on the sole basis that the plea was the product of a prior coerced confession, particularly where there is evidence against the defendant independent of the confession which would form a factual basis for the plea. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). There is no allegation that petitioner did not understand the nature of the charges against him or what the effects of his guilty plea would

be. Nor is there any allegation that the plea was induced by threats, promises or misrepresentations. The court notes in passing that the trial court commendably proceeded with proper caution and deliberation to ascertain whether the guilty plea was entered freely and knowingly. The court agrees that the guilty plea is valid; thus, there is no merit in petitioner's initial claim.

 Petitioner's claim of ineffective representation is founded upon several grounds, to wit: that counsel was appointed one day prior to trial; that counsel failed to conduct a pre-trial investigation or defense at trial; and that counsel "coerced" his father into giving counsel $200 for services rendered to petitioner. None of these grounds gives merit to the claim. First, the record clearly indicates that petitioner retained his own counsel, Mr. James D. Jones, at least one week prior to trial; Mr. Jones' representation followed that by two successive attorneys appointed by the court, one of whom represented petitioner during the preliminary hearing. Second, in response to the trial court's extensive inquiry, petitioner responded that he had discussed the charges and the facts with his retained counsel; that he had given counsel the names of favorable witnesses; and that he felt counsel was sufficiently familiar with the case to represent him at trial. Mr. Jones likewise indicated that he had discussed the facts with petitioner, that he had prepared for the case, and that he had advised petitioner of the consequences of the plea. Moreover, there is no allegation nor any independent evidence suggested by the record to indicate that petitioner had a defense to present. Even if counsel had not fully advised petitioner of the consequences of the guilty plea, he was not prejudiced thereby since any lack of knowledge of its nature and consequences was fully and effectively remedied by the trial court in determining whether or not petitioner entered the plea freely and knowingly, Ware v. Cox, 324 F.Supp. 568 (E.D.Va.1971); if this were not so, the requirements of Boykin

v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), are meaningless. Third, whether or not petitioner's father was coerced into paying Mr. Jones $200 for counsel's representation of petitioner is not a question cognizable in a federal habeas corpus proceeding. If petitioner's father questions counsel's fee, he should more properly seek redress from Mr. Jones, through the local bar association or in the state courts.

■■ Petitioner finally claims that the in-court identification of petitioner by Mr. William A. Finch, the 87 year old victim of the robbery, was insufficient since it was the only identification made by Finch after the robbery. This claim also lacks merit. It would appear from the record that Finch positively identified petitioner at the preliminary hearing as he later did at trial. More important, Finch knew petitioner, although not by name, before the robbery since petitioner had worked on Finch's farm for an independent contractor employed to gather hay. It is also clear that Finch had sufficient opportunity to observe petitioner during the robbery and assault. Lastly it was Finch's description of petitioner which enabled the police to specifically identify him as the offender. The failure of the police to conduct a lineup in which Finch could again identify petitioner does not present a federal question; while a police lineup is recognized as one of the more reliable methods of pre-trial identification, the court is aware of no principle under which petitioner is constitutionally entitled to that procedure. Fogg v. Commonwealth, 208 Va. 541, 159 S.E.2d 616 (1968). Although Dawson and Hughes, the investigating officers, showed Finch a photograph of petitioner to ensure his proper identification prior to the issuance of the warrant, in light of the foregoing facts, the court does not think that this identification procedure was "so unduly prejudicial as fatally to taint" Finch's in-court identification of petitioner. Coleman v. Alabama, 399 U.S. 1, 4, 90 S.Ct. 1999, 2000, 26 L. Ed.2d 387, 393 (1970); See also Stovall

v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

For the foregoing reasons it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.