809 So.2d 744 (2002)
Bennie OWENS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00991-COA.
Court of Appeals of Mississippi.
February 26, 2002.
*745 Darnell Felton, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. This is an appeal by Bennie Owens from his conviction for burglary in the Circuit Court of Coahoma County. Owens raises two issues on appeal. He first contends that the trial court erred in permitting the victim to identify certain items recovered by law enforcement as belonging to her because a proper predicate was not laid to support her identification. Owens bases his argument on the proposition that the items were all mass-produced consumer items and that the State should have been required to show some particular distinguishing characteristic of the property clearly identifying the items as those of the defendant before permitting her to testify to ownership before the jury. Secondly, Owens claims that his sole defense to the charge of burglary was that of alibi and the trial court improperly refused to instruct the jury on that defense. We find no error as to either issue and, therefore, we affirm the conviction.

I.

Facts
¶ 2. There is no need for a lengthy recitation of the facts. It is enough to say that the State presented a witness who claimed to have seen Owens, another individual named Jermell Victory, and an unnamed juvenile outside Rita Ogunnubi's apartment in the early morning hours of October 8, 1999. According to this witness, both Owens and Victory were carrying baskets apparently filled with goods, and Owens was seen lowering a window to *746 Ogunnubi's apartment. A police officer summoned to the scene discovered the window was broken. Ogunnubi was out of town at the time, but upon her return she discovered several items missing from her apartment, including a microwave, some laundry baskets, and an electronic game. Items fitting the description provided by Ogunnubi were, according to Ogunnubi, subsequently returned to her by the police. The prosecution offered no evidence to the jury as to how it had managed to recover these items.
¶ 3. Owens was the only person to testify for the defense, and he claimed that, on the morning of the burglary, he was asleep on the couch in another apartment in the same complex. Owens and Victory were charged as co-indictees in the same indictment and were tried together. The jury acquitted Victory but convicted Owens.

II.

Failure to Give Alibi Instruction
¶ 4. Owens did not pre-file an alibi instruction. Instead, he asked the court to consider an instruction that, on appeal, he characterizes as a "guilt by prior association" instruction. The trial court refused that instruction. After the court declined this instruction, defense counsel asked the court to give its "standard alibi instruction." The trial court refused to instruct the jury on how to consider the defendant's alibi, apparently on the sole ground that the defense "didn't put on a third person to testify as an alibi witness."
¶ 5. The State, in its brief, did not address the issue of the trial court's refusal to instruct the jury as to Owens's alibi defense. Instead, the State limits itself to arguing the propriety of the trial court's refusal to give Owens's "guilt by prior association" instruction. While we have little doubt that Owens's requested instruction concerning guilt by association was properly refused, that is not the issue before this Court. Furthermore, there can be no legitimate contention that Owens did not properly raise the issue of the failure to give an alibi defense instruction. To demonstrate this fact, we quote Owens's statement of the second issue presented in his brief. In the table of contents, Owens characterized the issue as follows:
After the Court Refused Bennie's Instruction on Association the Court Should Have Given Its Standard Instruction on Alibi.
In his actual statement of the issues, Owens stated the issue in the following form:
Whether Reversible Error Occurred When the Evidence Supported the Giving of an Alibi Instruction and an Alibi Instruction was Refused.
¶ 6. The Mississippi Supreme Court has held that, when there is evidence before the jury that would support a defense of alibi, it is reversible error not to instruct the jury as to how the law compels the jury to consider such evidence. Young v. State, 451 So.2d 208, 210 (Miss.1984). See also Sanford v. State, 372 So.2d 276, 279 (Miss.1979); Newton v. State, 229 Miss. 267, 274-75, 90 So.2d 375, 378 (1956).
¶ 7. However, the law relating to an alibi defense involves something more than a simple denial by the defendant that he was present at the precise time the crime was committed. Black's Law Dictionary suggests that the defense requires evidence that the defendant's location at the relevant time was "so removed therefrom as to render it impossible for him to be the guilty party." Black's Law Dictionary 71 (7th ed.1999). Thus, a defendant in close enough physical proximity to have committed the crime may deny the criminal activity and may affirmatively assert that he was elsewhere at the critical time. However, *747 if the asserted alternate location is such that, based on the version of events contended for by the defense, it would remain within the realm of physical possibility for the defendant to have committed the crime, then the defense is nothing more than a denial and would not rise to the level of alibi. It is a fundamental concept of our system of criminal procedure that an instruction may not be given, even if it correctly recites the law, if there is no evidentiary basis for the instruction. Hodge v. State, 801 So.2d 762, 775(¶ 42) (Miss.Ct.App.2001).
¶ 8. A defendant desiring to assert an alibi defense must, therefore, present evidence that, if found credible by the jury, would raise a reasonable doubt as to his culpability based on notions of the physical impossibility of having been at the crime scene during the crime's commission. In this case, Owens claimed to be in the same apartment complex at the time the crime occurred. He offered no evidence as to the physical distance from his alleged location to the place where the crime was committed from which the jury could reasonably conclude that it was impossible for him to have committed the crime. Insofar as the record revealed, it would have been entirely possible for the defendant to have temporarily left the apartment, participated in the crime, and returned to the apartment. In this circumstance, we view Owens's testimony indicating that he was asleep at the critical time to be nothing more than a simple denial of guilt and we do not conclude that it presents all the necessary elements of a classic alibi defense that would have required the trial court to instruct the jury on the issue.

III.

Insufficient Evidence of Ownership of Recovered Items
¶ 9. We find no error in permitting the robbery victim to identify items recovered by the police as being those belonging to her and discovered missing after her apartment was broken into. Owens suggests that the owner's testimony was not sufficiently probative of ownership because there was no testimony as to the precise means by which the witness distinguished the items from what could have been items of similar appearance but not, in fact, the items taken in the burglary. As to items such as a microwave oven, an electronic game, and a number of baskets, this Court is satisfied that, though such items may be mass produced under circumstances that they may render the items indistinguishable one from the next in their original condition, once they pass into individual ownership, they may reasonably be expected to develop characteristic marks through use and wear that would permit the owner to positively identify the particular item. These characteristics may, in some cases, be so subtle that they do not register point by point in the owner's consciousness but nevertheless are of sufficient strength in the aggregate to leave the owner with the strong conviction that it is that owner's property.
¶ 10. We see no reasoned basis to exclude that sort of evidence or to require, as a precondition of its admission, a recitation from the owner of those distinguishing marks and features that lead the witness to claim ownership of the item. Certainly, testimony of ownership is not conclusive on the question, and the defense is free, through a rigorous cross-examination, to attempt to cast doubt on the certainty of the witness's identification of the property as her own, but that is not the same thing as excluding the evidence altogether or creating some sort of evidentiary rule requiring that a factual predicate relating to the unique aspects of the property necessarily precede the witness's claim of ownership.
*748 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH ALL TEN YEARS SUSPENDED WITH FIVE YEARS SUPERVISION AND ORDER TO MAKE FULL RESTITUTION TO VICTIM IS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVE TO ANY AND ALL PREVIOUSLY IMPOSED SENTENCES. ALL COSTS ARE ASSESSED TO COAHOMA COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.