COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


RESHAUN DEMOND TINSLEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1026-11-2                      JUDGE LARRY G. ELDER
                                                    MAY 1, 2012
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Margaret P. Spencer, Judge

             Ronald M. Gore, Jr., for appellant.

             Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
             Cuccinelli, II, Attorney General, on brief), for appellee.


        Reshaun Demond Tinsley (appellant) challenges his conviction for felony hit and run.

Appellant argues the trial court erred in refusing to grant his alibi jury instruction because the record

contains sufficient evidence to support his theory that he was somewhere other than at the scene of

the crime.  Because the record does not contain more than a scintilla of evidence to establish

appellant was not at the scene of the crime at the exact time it was committed, the trial court did not

err in refusing the alibi instruction.  We therefore affirm appellant's conviction.

        At the conclusion of all the evidence, appellant proffered an alibi instruction that read:

             The defendant need not prove his alibi beyond a reasonable
        doubt or even by a preponderance of the evidence.  The defendant
        must only introduce evidence that, when considered with the whole
        evidence, creates a reasonable doubt that the defendant was present
        at the time and place the alleged offense was committed, you shall
        find him not guilty [sic].

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court denied the instruction, reasoning that "there must be some evidence that the defendant was at a particular place which would make it impossible for him and improbable for him to have committed the crime." The jury subsequently found appellant guilty of felony hit and run, and this appeal followed.

> As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court. "Our 'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). And in deciding whether a particular instruction is appropriate, we view the facts in the light most favorable to the proponent of the instruction.

Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009) (citations omitted).

In Cooper, the Supreme Court limited the trial court's discretion in determining whether to grant or deny, providing that "when there is 'evidence that the accused was elsewhere than at the scene of the crime at the exact time or for the entire period during which it was or could have been committed,'" the trial court must "grant an alibi instruction." Id. at 385-86, 673 S.E.2d at 190 (quoting Johnson v. Commonwealth, 210 Va. 16, 20, 168 S.E.2d 97, 100 (1969)). When such evidence is absent, the trial court must refuse the instruction. Id. at 386, 673 S.E.2d at 190.

In establishing the evidentiary threshold that must be met in order to warrant an alibi instruction, the Court relied on the standard articulated in Johnson. In that case, the owner of a restaurant closed at approximately 10:00 p.m. and an employee discovered a break-in at 7:00 a.m. the following morning. To account for the defendant's whereabouts during the time frame of the burglary, his mother testified that he was at her home that evening from 8:45 until approximately 11:00 p.m. An acquaintance of the defendant testified that appellant arrived at his residence at approximately 11:30 p.m. and left the following morning at 5:45 a.m. The acquaintance confirmed that the restaurant was approximately three blocks from his residence.

In ruling that an alibi instruction was not warranted, the Court noted that two standards existed among the states as to what quantum of evidence is sufficient to justify an alibi instruction. Johnson, 210 Va. at 18-19, 168 S.E.2d at 99. Some jurisdictions require "such an instruction . . . where the evidence tends to establish such a defense." Id. at 18, 168 S.E.2d at 99. At the other end of the spectrum, "where the evidence of alibi fails to show that the accused was not at the scene of the crime at the exact time it was committed, or for the entire period when it was or could have been committed, an instruction on alibi is not necessary." Id. at 19, 168 S.E.2d at 99. The Court adopted the latter approach and affirmed the defendant's conviction because the evidence did not "account for [the defendant's] presence between the time he left his mother's home and the time he reached [his acquaintance's] home, nor for the period between the time he left the latter home until the break in was discovered at about 7:00 a.m." Id. at 20, 168 S.E.2d at 100. Accordingly, "the evidence offered in support of the defendant's claim of alibi [was] lacking in the required proof of his absence from the scene at the time of the commission of the crime [such] that the trial court properly refused to grant the requested instructions." Id.

Here, the record makes clear under this standard that the evidence does not warrant an alibi instruction. On the evening of January 16, 2010, Lynn Taylor was struck by a vehicle. Prior to the incident, Taylor had been arguing with his girlfriend, Shanese Wright. After the fight, Wright called appellant to come pick her up. Appellant agreed and said "he was twenty to thirty minutes away." This occurred at approximately 9:30 p.m. However, Wright called appellant on his cell phone approximately five minutes later and told him not to come over, to which appellant responded, "All right."

In the meantime, Taylor crossed the street and encountered Claude Hector. Due to a prior dispute, Taylor initiated a physical altercation with Hector that lasted approximately five to six minutes before Hector was able to break away. Approximately five to ten minutes after the fight

ended, Taylor was hit by a vehicle similar to one in appellant's possession. Taylor identified appellant as the driver both to the police and at trial. Appellant denied hitting Taylor to the police, but did not provide an alibi accounting for his whereabouts on the night of the accident and did not disclose his specific location during his testimony at trial.

This evidence falls short of the heightened standard set forth under Johnson, which emphasized the need for evidence of the defendant's absence from the scene of the crime as the basis for the alibi instruction. In this case, according to the testimony of Taylor and Hector, approximately ten to fifteen minutes elapsed from the time Wright called appellant until Taylor was struck by the vehicle. Thus, under appellant's own evidence that he could reach Wright's location in twenty to thirty minutes, he was still at least five minutes away from the scene of the crime when it was committed. Nothing in the record establishes the basis for appellant's estimate, so it "remain[s] within the realm of physical possibility for [appellant] to have committed the crime." Owens v. State, 809 So. 2d 744, 747 (Miss. App. 2002).

Although appellant's estimate permitted him to argue he was still at least five to fifteen minutes away when the crime occurred, many factors can change the estimated time from a destination. It is not apparent from the record the conditions under which appellant was traveling to Wright's location, whether he was already en route or stationary, what road conditions were like, or what speed he was driving. In light of all these unknown variables, appellant's temporal estimation "'does not cover sufficient of the time at or before the crime to render [his] presence . . . impossible or highly improbable.'" Johnson, 210 Va. at 18, 168 S.E.2d at 99 (quoting 23 C.J.S. Criminal Law § 923, at 656); see Black's Law Dictionary 79 (8th ed. 2004) (defining "alibi" as a "defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time"). Because the record does not establish appellant's

location, his "defense is nothing more than a denial [that does] not rise to the level of alibi."[1]

Owens, 809 So. 2d at 747; see State v. Berry, 419 P.2d 337, 341 (Ariz. 1966) ("An alibi which leaves it possible for the accused to be the guilty man is no alibi at all." (quoting Singh v. State, 280 P. 672, 675 (Ariz. 1929) (emphasis omitted))).

Appellant was required to provide evidence that tended to show he was at some location such that he would not be present at the scene of the crime in order to entitle him to an alibi jury instruction. Because appellant offered evidence merely that he was "twenty to thirty minutes away" from the scene of the crime fifteen minutes before it occurred, leaving open the possibility that he could have been present when the crime was committed, the trial court did not err in refusing his proffered alibi instruction. Finding no error, we affirm appellant's conviction.

Affirmed.

---

[1] There may well be circumstances in which a temporal estimation could justify an alibi instruction. Given the close time frame in this case, however, without testimony of appellant's actual physical location—e.g., a particular intersection or a nearby landmark—merely stating that he is a certain unit of time away from the scene of the crime falls short of the kind of particularized evidence Cooper and Johnson require to justify the giving of a formal alibi instruction.